UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

STEPHEN SIMMS                                    CIVIL ACTION

VERSUS                                           NO: 13-5028

ALLSTATE INSURANCE COMPANY                       SECTION: J

**ORDER**

Before the Court is Plaintiff's *Motion for Reconsideration of the Court's Judgment Dismissing this Matter* **(Rec. Doc. 24)** and Defendant's Opposition **(Rec. Doc. 25)**. Having considered the motion, the parties' submissions, the record, and the applicable law, the Court finds that the motion should be **DENIED**.

The Federal Rules of Civil Procedure do not expressly allow motions for reconsideration. <u>Bass v. U.S. Dep't of Agric.</u>, 211 F.3d 959, 962 (5th Cir. 2000). In the Fifth Circuit, a motion for reconsideration challenging a prior judgment is treated either as a motion "to alter or amend" under Federal Rule of Civil Procedure 59(e) or a motion for "relief from judgment" under Federal Rule of Civil Procedure 60(b). <u>Lavespere v. Niagara Mach. & Tool Works, Inc.</u>, 910 F.2d 167, 173 (5th Cir. 1990), <u>abrogated on other grounds by Little v. Liquid Air Corp.</u>, 37 F.3d 1069, 1076 (5th Cir. 1994). The difference in treatment is based on timing. If the motion is filed within twenty-eight days of the challenged order, then it falls under Rule 59(e). <u>Id.</u>; Fᴇᴅ. R. Cɪᴠ. P. 59(e). However, if the

motion is filed more than twenty-eight days after the judgment, but not more than one year after the entry of judgment, it is governed by Rule 60(b). Id.; FED. R. CIV. P. 60(c). In the present case, Plaintiff's motion was filed within the twenty-eight (28) day period, and therefore the motion will be considered under Rule 59(e).

Altering or amending a judgment under Rule 59(e) is an "extraordinary remedy" used "sparingly" by the courts. Templet v. Hydrochem, Inc., 367 F.3d 473, 479 (5th Cir. 2004). A motion to alter or amend calls into question the correctness of a judgment and is permitted only in narrow situations, "primarily to correct manifest errors of law or fact or to present newly discovered evidence." Id.; see also Schiller v. Physicians Res. Grp. Inc., 342 F.3d 563, 567 (5th Cir. 2003). Manifest error is defined as "'[e]vident to the senses, especially to the sight, obvious to the understanding, evident to the mind, not obscure or hidden, and is synonymous with open, clear, visible, unmistakable, indubitable, indisputable, evidence, and self-evidence.'" In Re Energy Partners, Ltd., 2009 WL 2970393, at *6 (Bankr. S.D. Tex. Sept. 15, 2009) (citations omitted); see also Pechon v. La. Dep't of Health & Hosp., 2009 WL 2046766, at *4 (E.D. La. July 14, 2009) (manifest error is one that "'is plain and indisputable, and that amounts to a complete disregard of the controlling law'") (citations omitted).

The Fifth Circuit has noted that "such a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before entry of judgment." <u>Templet</u>, 367 F.3d at 478-79.  Nor should it be used to "re-litigate prior matters that ... simply have been resolved to the movant's dissatisfaction."  <u>Voisin v. Tetra Technologies, Inc.</u>, 2010 WL 3943522, at *2 (E.D. La. Oct. 6, 2010).  Thus, to prevail on a motion under Rule 59(e), the movant must clearly establish at least one of three factors: (1) an intervening change in the controlling law, (2) the availability of new evidence not previously available, or (3) a manifest error in law or fact.  <u>Schiller</u>, 342 F.3d at 567; <u>Ross v. Marshall</u>, 426 F.3d 745, 763 (5th Cir. 2005) (to win a Rule 59(e) motion, the movant "must clearly establish either a manifest error of law or fact or must present newly discovered evidence").

In the instant case, Plaintiff has not cited to any intervening change in the law nor any newly discovered evidence previously unavailable, and Plaintiff has not clearly established a manifest error of law or fact. The law is clear that Plaintiff must submit an additional *signed and sworn* Proof of Loss in order to seek additional amounts from his flood insurance company. *See Kidd v. State Farm Fire and Cas. Co.*, 392 Fed. App'x 241, 243 (5th Cir. 2010).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's *Motion for Reconsideration of the Court's Judgment Dismissing this Matter* **(Rec. Doc. 24)** is **DENIED.**

New Orleans, Louisiana, this 10th day of July, 2014.

CARL J. BARBIER
UNITED STATES DISTRICT COURT

4